IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LIBERTY MUTUAL PERSONAL INSURNACE COMPANY** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) **CIVIL ACTION NO.** |
| **STEPHANY S. MCCASKILL** | ) ) |
| **Defendant.** | ) ) ) |

## COMPLAINT

Plaintiff Liberty Mutual Personal Insurance Company ("Liberty Mutual" or "Plaintiff"), hereby submits the following Complaint against Defendant Stephany S. McCaskill ("Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff Liberty Mutual brings this action against Defendant Stephany S. McCaskill to recover payments issued pursuant to a policy of automobile insurance issued to the Defendant. More specifically, Defendant filed an insurance claim with the Plaintiff for an alleged vehicle theft of a 2020 Jeep Grand Cherokee. Based on the Defendant's representations, Plaintiff issued payments in good faith totaling $93,065.00 to the Defendant. Subsequent investigation revealed that the vehicle claimed as being stolen did not exist. The Defendant provided a vehicle identification number ("VIN") of 1C4RJFN94LC206715 as being associated with the vehicle; this VIN does not exist. In addition, the information that the Defendant provided regarding the purchase of the vehicle was likewise false. Defendant has since refused to refund the Plaintiff its payment. Plaintiff seeks a Judgment for the full payment issued to this Defendant which totaled $93,065.00.

## PARTIES

2.  Plaintiff is a corporation organized under the laws of the State of Massachusetts with its principal place of business in Massachusetts. Plaintiff is an insurance company who is authorized to conduct business throughout the State of Alabama.

3.  Defendant Stephany S. McCaskill was a Liberty Mutual insured who resides at 3562 Sugar Creek Drive, Dickinson, AL 36436. Defendant is a citizen of the State of Alabama.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Liberty Mutual and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.  Pursuant to 28 U.S.C. § 1391(b), venue is proper in this Court because the insurance policy at issue was issued in this judicial district and the Defendant resides in this district.

## FACTS

6.  Plaintiff provided automobile insurance coverage to Defendant McCaskill for a 2020 Jeep Grand Cherokee, Alabama license plate A10242 (hereinafter referred to as the "Jeep"). Attached as "Exhibit A" is a copy of the insurance policy.

7.  The policy period extended between December 6, 2022 and December 6, 2023.

8.  On January 3, 2023 the Defendant contacted Plaintiff by telephone in order to set up a theft claim related to the Jeep. Attached as "Exhibit B" is a transcript of the recorded conversation.

9.  Defendant submitted a report from the Birmingham Police Department ("P.D.") which documents that at 1:04 a.m. on January 1, 2023 Officer Webb (Badge #36992) of the

Birmingham P.D. responded to a call to a report of a stolen vehicle at 4th Avenue North and 1st Street North. Officer Webb spoke with Defendant who advised that she had been inside of a nearby establishment, Club Empire Gentleman's Club, since 10:00 p.m. and, upon exiting, noticed that her vehicle was missing from its parked location. There were no cameras or video footage in the area of the incident. The Birmingham P.D. canvassed the area but could not locate the missing Jeep. Attached as "Exhibit C" is a copy of the police report.

10. On January 5, 2023 Defendant provided a recorded statement to Plaintiff's representative in which she reiterated the details of the loss contained within the police report and also advised that the vehicle had just one set of keys and those keys remained within her possession. Attached as "Exhibit D" is a transcript of the recorded statement.

11. In response to the claim, Plaintiff requested that the Defendant provide a copy of the vehicle's title and also ran a market valuation report for the allegedly stolen Jeep which calculated its value at $93,024.00. Attached as "Exhibit E" is documentation that the payment was issued.

12. Based on the Defendant's representations, Plaintiff issued a payment totaling $93,024.00 to the Defendant on January 24, 2023.

13. On April 10, 2023, following the conclusion of the claim, Plaintiff received a call from a representative of the National Insurance Crime Bureau ("NICB") who indicated that the VIN provided by the Defendant, 1C4RJFN94LC206715, was counterfeit as there was no record of the VIN ever shipping; this was later confirmed by Jeep who advised that no such VIN exists.

14. Thereafter, Plaintiff began an investigation into the vehicle's history in order to determine the origin of the fraudulent VIN.

15. On April 25, 2023 Plaintiff's representative spoke with the Defendant regarding the details of her purchase of the Jeep. She alleged during the conversation that she bought the Jeep for $60,000 in cash from a private individual, Markeisha D. Hill. She further advised that her current income consists of $3,700 in monthly payments from the Veterans Benefits Administration ("VA") and that she previously earned $19 per hour working 40 hours per week. Plaintiff's representative requested that she provide copies of her two previous tax returns, bank statements, and photographs of the vehicle.

16. Defendant failed to provide either the requested tax returns or bank statements.

17. Plaintiff's investigation located a handwritten Bill of Sale for the Jeep which documented that the vehicle was sold for $1,000 on October 7, 2022; a significant discrepancy from the $60,000 purchase price alleged by the Defendant.

18. Plaintiff further obtained a copy of the Jeep's Alabama registration which was created by using a counterfeit Certificate of Title supposedly issued by the State of Mississippi.

19. In an attempt to further investigate these issues, Plaintiff scheduled the defendant for examinations under oath ("EUO") to take place on May 17, 2023 and June 1, 2023. Attached as "Exhibit F" are copies of the EUO notice letters.

20. Plaintiff failed to respond to those requests and did not appear for the EUOs.

21. On July 24, 2023 Plaintiff, through counsel, sent the Defendant correspondence indicating that an investigation showed that the provided information relating to this claim was false and demanding that the $93,024.00 payment be returned. Attached as "Exhibit G" is a copy of the demand letter.

22. To date, Defendant refuses to refund the $93,024.00 in payments issued by the Plaintiff.

## COUNT ONE - FRAUDULENT MISREPRESENTATION

23. Plaintiff repeats and reiterates each allegation contained in the introduction section as well as all Counts within the pleading as though set forth at length herein.

24. Defendant has committed the tort of fraudulent misrepresentation through her false representations of material facts, reasonably relied upon by the Plaintiff, who suffered damages as a proximate consequence of the misrepresentation. *Southland Bank v. A & A Drywall Supply Co.*, 21 So. 3d 1196, 1210 (Ala. 2008).

25. In particular, Defendant falsely reported to the Plaintiff that the Jeep was stolen resulting in a theft claim.

26. Based on the Defendant's false representation, Plaintiff issued a payment totaling $93,024.00.

27. Thereafter, Defendant has failed to respond to Plaintiff's requests to return the payment.

28. Defendant has therefore committed the tort of fraudulent misrepresentation by providing false information to the Plaintiff, her insurance carrier, inducing them to issue payments totaling $93,024.00.

29. Plaintiff has suffered damages as a direct and proximate result of the Defendant's actions totaling $93,024.00.

WHEREFORE, Plaintiff seeks judgment as follows:

    a. Awarding Plaintiff compensatory damages, including, but not limited to, all benefits paid totaling $93,024.00.

    b. Awarding Plaintiff attorney fees and costs.

    c. Granting any other relief that the Court deems fair and appropriate.

## COUNT TWO - BREACH OF CONTRACT

30. Plaintiff repeats and reiterates each allegation contained in the introduction section as well as all Counts within the pleading as though set forth at length herein.

31. Defendant has committed the tort of breach of contract by failing to comply with the fraud provision of her insurance contract with the Plaintiff which has resulted in damages. *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009).

32. In particular, Defendant falsely reported to the Plaintiff that the Jeep was stolen resulting in a theft claim.

33. Based on the Defendant's false representation, Plaintiff issued a payment totaling $93,024.00.

34. Thereafter, Defendant has failed to respond to Plaintiff's requests to return the payment.

35. Defendant has therefore committed breach of contract by providing false information to the Plaintiff, her insurance carrier, inducing them to issue payments totaling $93,024.00.

36. Plaintiff has suffered damages as a direct and proximate result of the Defendant's actions totaling $93,024.00.

WHEREFORE, Plaintiff seeks judgment as follows:

a. Awarding Plaintiff compensatory damages, including, but not limited to, all benefits paid totaling $93,024.00.

b. Awarding Plaintiff attorney fees and costs.

c. Granting any other relief that the Court deems fair and appropriate.

## **COUNT THREE - UNJUST ENRICHMENT**

37. Plaintiff repeats and reiterates each allegation contained in the introduction section as well as all Counts within the pleading as though set forth at length herein.

38. Defendant has been unjustly enriched through her retention of money or property of another against the fundamental principles of justice or equity and good conscience. *Jordan v. Mitchell*, 705 So. 2d 453, 458 (Ala. Civ. App. 1997).

39. In particular, Defendant falsely reported to the Plaintiff that the Jeep was stolen resulting in a theft claim.

40. Based on the Defendant's false representation, Plaintiff issued a payment totaling $93,024.00.

41. Thereafter, Defendant has failed to respond to Plaintiff's requests to return the payment.

42. Defendant has therefore been unjustly enriched by providing false information to the Plaintiff, her insurance carrier, inducing them to issue payments totaling $93,024.00.

43. Plaintiff has suffered damages as a direct and proximate result of the Defendant's actions totaling $93,024.00.

WHEREFORE, Plaintiff seeks judgment as follows:

    a. Awarding Plaintiff compensatory damages, including, but not limited to, all benefits paid totaling $93,024.00.

    b. Awarding Plaintiff attorney fees and costs.

    c. Granting any other relief that the Court deems fair and appropriate.

## COUNT FOUR - FRAUD

44. Plaintiff repeats and reiterates each allegation contained in the introduction section as well as all Counts within the pleading as though set forth at length herein.

45. Defendant has committed the tort of fraud by knowingly misrepresenting a material fact when presenting an insurance claim to the Plaintiff as defined by Ala. Code § 27-12A-20.

46. In particular, Defendant falsely reported to the Plaintiff that the Jeep was stolen resulting in a theft claim.

47. Based on the Defendant's false representation, Plaintiff issued a payment totaling $93,024.00.

48. Thereafter, Defendant has failed to respond to Plaintiff's requests to return the payment.

49. Defendant has therefore committed the tort of fraud by providing false information to the Plaintiff, her insurance carrier, inducing them to issue payments totaling $93,024.00.

50. Plaintiff has suffered damages as a direct and proximate result of the Defendant's actions totaling $93,024.00.

WHEREFORE, Plaintiff seeks judgment as follows:

a. Awarding Plaintiff compensatory damages, including, but not limited to, all benefits paid totaling $93,024.00.

b. Awarding Plaintiff attorney fees and costs.

c. Granting any other relief that the Court deems fair and appropriate.

## COUNT FIVE - CONVERSION

51. Plaintiff repeats and reiterates each allegation contained in the introduction section as well as all Counts within the pleading as though set forth at length herein.

52. Defendant has committed the tort of conversion through her intentional appropriation of another's property to one's own use in defiance of the true owner's rights. *Gray v. Liberty Nat'l Life Ins. Co.*, 623 So. 2d 1156 (Ala. 1993).

53. In particular, Defendant falsely reported to the Plaintiff that the Jeep was stolen resulting in a theft claim.

54. Based on the Defendant's false representation, Plaintiff issued a payment totaling $93,024.00.

55. Thereafter, Defendant has failed to respond to Plaintiff's requests to return the payment.

56. Defendant has therefore committed the tort of conversion by providing false information to the Plaintiff, her insurance carrier, inducing them to issue payments totaling $93,024.00.

57. Plaintiff has suffered damages as a direct and proximate result of the Defendant's actions totaling $93,024.00.

WHEREFORE, Plaintiff seeks judgment as follows:

    a.    Awarding Plaintiff compensatory damages, including, but not limited to, all benefits paid totaling $93,024.00.

    b.    Awarding Plaintiff attorney fees and costs.

    c.    Granting any other relief that the Court deems fair and appropriate.

Respectfully submitted,

*/s/ Joshua R. Hess*
Joshua R. Hess
Madelyn H. Beatty
*Attorneys for Defendant Liberty Mutual Personal Insurance Company*

OF COUNSEL:

MAYNARD NEXSEN, P.C.
1901 Sixth Ave. North, Suite 1700
Birmingham, AL 35203
Telephone: 205.254.1000
Fax: 205.254.1999
jhess@maynardnexsen.com
mbeatty@maynardnexsen.com