IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY,  Plaintiff,  v.  STEPHANY S. MCCASKILL,  Defendant. | CASE NO. 1:23-cv-00455 |

**LIBERTY MUTUAL PERSONAL INSURANCE COMPANY'S
MOTION FOR DEFAULT JUDGMENT AGAINST STEPHANY S. MCCASKILL**

Plaintiff Liberty Mutual Personal Insurance Company ("LMPIC"), by and through undersigned counsel, and pursuant to Rule 55(b)(2) of the *Federal Rules of Civil Procedure*, respectfully moves this Honorable Court to enter a default judgment against Defendant Stephany S. McCaskill ("Ms. McCaskill") for failure to timely answer or respond to the Complaint. In support of this Motion, LMPIC respectfully states as follows:

**BACKGROUND**

On December 4, 2023, LMPIC filed its Complaint, bringing five causes of action against Ms. McCaskill: fraudulent misrepresentation, breach of contract, unjust enrichment, fraud, and conversion. (*See* Doc. 1). This lawsuit relates to an automobile insurance policy issued by LMPIC to Ms. McCaskill covering a 2020 Jeep Grand Cherokee with a reported Alabama license plate A10242 (the "Jeep"). (*Id.* at ¶¶ 1, 6; Declaration of Jennifer Danico, ¶ 4). On January 3, 2023, Ms. McCaskill filed an insurance claim under the automobile policy for an alleged vehicle theft of the

1

Jeep with a reported vehicle identification number ("VIN") of 1C4RJFN94LC206715. (Danico Decl., ¶ 5).

In response to the insurance claim, LMPIC ran a market valuation report for the allegedly stolen Jeep which calculated its value at $93,065.00. Based on Ms. McCaskill's representations, LMPIC issued a payment totaling $93,065.00 to Ms. McCaskill on January 24, 2023. (Danico Decl., ¶ 8 and Ex. E thereto).

On April 10, 2023, following the conclusion of the claim, LMPIC received a call from a representative of the National Insurance Crime Bureau ("NICB") who indicated that the VIN provided by Ms. McCaskill was counterfeit as there was no record of the VIN ever shipping; this was later confirmed by Jeep who advised that no such VIN exists. (*Id.* at ¶ 10). Thereafter, LMPIC began an investigation into the Jeep's history in order to determine the origin of the fraudulent VIN. (Compl. at ¶ 14). During the investigation, LMPIC obtained a handwritten Bill of Sale for the Jeep which documented that it was sold for $1,000 on October 7, 2022. (*Id.* at ¶ 17; Danico Decl., ¶ 13). LMPIC also obtained a copy of the Jeep's Alabama registration which was created by using a counterfeit Certificate of Title supposedly issued by the State of Mississippi. (*Id.* at ¶ 18; Danico Decl., ¶ 14).

Finally, on July 24, 2023, LMPIC, through counsel, sent Ms. McCaskill correspondence indicating that an investigation showed that the provided information relating to her insurance claim was false and demanding that the $93,065.00 payment be returned to LMPIC. (*Id.* at ¶ 21; Danico Decl., ¶ 17 and Ex. G thereto). Ms. McCaskill has refused to refund the $93,065.00. (*Id.* at ¶ 22; Danico Decl., ¶ 18).

In light of the foregoing, LMPIC initiated this action by filing the Complaint against Ms. McCaskill on December 4, 2023, seeking compensatory damages, including, but not limited to,

the $93,065.00 in insurance benefits that LMPIC paid Ms. McCaskill, attorney's fees and costs. (*See generally*, Doc. 1, Complaint).

Ms. McCaskill was served with Summons and the Complaint on December 14, 2023. (*See* Doc. 8). Accordingly, Ms. McCaskill's responsive pleading was due on January 4, 2024. *See* Fed. R. Civ. P. 12(a). However, Ms. McCaskill failed to respond or otherwise defend this lawsuit on or before January 4, 2024. Indeed, to date, Ms. McCaskill has failed to appear in this lawsuit.

On January 26, 2024, LMPIC filed an Application for Entry of Default Against Stephany S. McCaskill, as Ms. McCaskill failed to timely answer or otherwise respond to the Complaint. (Doc. 10). On February 2, 2024, the Clerk of Court entered Default against Ms. McCaskill for failure to plead or otherwise defend the lawsuit. (Doc. 11).

## LEGAL ARGUMENT

### A.    All Requirements For A Default Judgment As To Stephany S. McCaskill Are Satisfied.

The *Federal Rules of Civil Procedure* provide that a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). If a defendant fails to file an answer, default judgment may be sought against that defendant. Fed. R. Civ. P. 55. Rule 55 "establish[es] a two-part process for obtaining a default judgment." *Southern Guar. Ins. Co. v. Robinson*, No. CV 11-0506-KD-B, 2012 WL 353767, at *3 (S.D. Ala. Feb. 2, 2012). The moving party must first seek the entry of default by the clerk of court. Fed. R. Civ. P. 55(a). Once the clerk has entered the party's default, then the moving party may make application for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2). *See Robinson*, 2012 WL 353767, at *3 ("After default has been entered … the party must apply to the court for a default judgment."); *Travelers Cas. & Surety Co. of America, Inc. v. East Beach Development, LLC,* 2007 WL

3

4097440, *1 (S.D. Ala. 2007) ("[A] clerk's entry of default must precede an application to the district court for entry of default judgment.").

"[I]t is well established that a district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Atl. Recording Corp. v. Ellison*, 506 F. Supp. 2d 1022, 1025 (S.D. Ala. 2007). Indeed, "[i]n a variety of contexts, courts have entered default judgments against defendants who have failed to [address] the claims against them following proper service of process." *Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 591 (S.D. Ala. 2007). *See also Pennsylvania Nat. Mut. Cas. Ins. Co. v. King*, No. CIV.A. 11-0577-WS-C, 2012 WL 1712670, at *3 (S.D. Ala. May 15, 2012) ("Despite being served with process back in October, Treasure Coast has declined to appear or defend, and has effectively prevented this litigation from leaving the starting blocks, at least as to Penn National's claims against it."); *Robinson*, 2012 WL 353767, at *3 (granting insurer's motion for default judgment and holding that insurer's "allegations are deemed admitted by default by [insured]"); *Federated Mut. Ins. Co. v. Bayside Marine Const.*, No. CIV.A. 06-403-KD-M, 2007 WL 1491262, at *3 (S.D. Ala. May 21, 2007) ("The Court further finds that the defendants [] to be in default and that a judgment by default in favor of the plaintiff is appropriate in this case. Accordingly, plaintiff's motion for default judgment against these defendants is granted."); *Guarantee Co. N. Am. USA v. Gadcon, Inc.*, No. CIV. A. 09-0813-WS-M, 2010 WL 1382343, at *2 (S.D. Ala. Apr. 2, 2010) ("Accordingly, entry of default judgment against Gadcon is appropriate pursuant to Rule 55, given Gadcon's failure to appear after service of process and the sufficiency of the well-pleaded factual allegations of the Complaint (all of which Gadcon has admitted via its default) to establish its liability…"). "In short, then, while modern courts do not favor default judgments, they are

certainly appropriate when the adversary process has been halted because of an essentially unresponsive party." *Ellison*, 506 F. Supp. 2d 1022, 1025-26.

While there are certain limitations on a Court's discretion to enter a default judgment against a party who fails to appear, none of those limitations are present in this case. "The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action." *GlobeNet Metals, LLC v. Fid. Oil Field Services, LLC*, 2013 WL 5529607, at *1 (S.D. Ala. Oct. 7, 2013) (citing Fed. R. Civ. P. 55(b)(2)). Further, in any civil action in which the defendant does not make an appearance, "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit addressing the defendant's military status." *Id.* (citing 50 U.S.C. § 521(a),(b)).

Here, all requirements for the entry of a default judgment as to Ms. McCaskill are satisfied. The Clerk of this Court entered default against Stephany S. McCaskill on February 2, 2024. (Doc. 11). LMPIC served Ms. McCaskill with Summons and the Complaint via certified mail, which was delivered and signed on December 14, 2023. (Doc. 8). Therefore, Ms. McCaskill has had notice of this lawsuit for two months, yet she has failed to appear or otherwise defend.

Furthermore, upon information and belief, Ms. McCaskill is over the age of eighteen years, is competent, and is not in the military service or in any branch of the armed forces of the United States or its allies or otherwise within the provisions of the Servicemember's Civil Relief Act. (*See* Doc. 10-1, Declaration of Joshua R. Hess).

Ms. McCaskill's failure to respond to the Complaint has "prevented this litigation from leaving the starting blocks." *King*, 2012 WL 1712670, at *3. As this Court has held, because Ms. McCaskill's unresponsiveness has "halted" the judicial process, default judgment is "certainly appropriate". *Ellison*, 506 F. Supp. 2d 1022, 1025-26. Because all necessary requirements for entry

of a default judgment are satisfied, LMPIC respectfully requests that the Court enter default judgment in favor of LMPIC and against Stephany S. McCaskill.

## CONCLUSION

In light of the foregoing facts and authorities, LMPIC respectfully requests that the Court enter default judgment in favor of LMPIC and against Stephany S. McCaskill in the amount of $93,065.00.

Respectfully submitted,

/s/ Joshua R. Hess
Joshua R. Hess
Madelyn H. Beatty
*Attorneys for Defendant Liberty Mutual Personal Insurance Company*

**OF COUNSEL:**

MAYNARD NEXSEN P.C.
1901 Sixth Ave. North, Suite 1700
Birmingham, AL 35203
Telephone: 205.254.1000
Fax: 205.254.1999
jhess@maynardnexsen.com
mbeatty@maynardnexsen.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served upon Stephany S. McCaskill at her personal residence via U.S. Mail, postage pre-paid, on February 27, 2024, at the following address:

Stephany S. McCaskill
3562 Sugar Creek Drive
Dickinson, AL 36436

                                              */s/ Joshua R. Hess*
                                              **OF COUNSEL**