IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LIBERTY MUTUAL PERSONAL INSURANCE COMPANY,** )<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO. 23-00455-JB-N** |
| **v.** )<br>) | |
| **STEPHANY S. MCCASKILL,** )<br>) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on Plaintiff, Liberty Mutual Personal Insurance Company's ("Liberty") Motion for Default Judgment (Doc. 12). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**I.     Factual and Procedural Background**

This action arises out of automobile insurance policy issued by Liberty to Defendant covering a 2020 Jeep Grand Cherokee with a reported Alabama license plate A10242 (the "Jeep"). (Doc. 1). On January 3, 2023, Defendant filed an insurance claim under the automobile policy for vehicle theft of the Jeep with a reported vehicle identification number ("VIN") of 1C4RJFN94LC206715. (*Id*.) In response to the insurance claim, Liberty ran a market valuation report for the insured vehicle which calculated its value at $93,065.00. Based on Defendant's representations, Liberty issued a payment totaling $93,065.00 to Defendant on January 24, 2023. (*Id*.).

On April 10, 2023, following the conclusion of the claim, Liberty received a call from a

representative of the National Insurance Crime Bureau ("NICB") who indicated that the VIN provided by Defendant was counterfeit as there was no record of the VIN ever shipping. This information was later confirmed by Jeep who advised that no such VIN existed. (*Id*.). After notification of the false VIN, Liberty conducted an investigation into the Jeep's history in order to determine the origin of the fraudulent VIN. (*Id*.). During the investigation, Liberty obtained a handwritten Bill of Sale for the Jeep which documented that it was sold for $1,000 on October 7, 2022. (*Id*.). Liberty also obtained a copy of the Jeep's Alabama registration which was created by using a counterfeit Certificate of Title supposedly issued by the State of Mississippi. (*Id*.).

On July 24, 2023, Liberty, through counsel, sent Defendant a letter notifying her that an investigation showed that the provided information relating to her insurance claim was false and demanding that the $93,065.00 payment be returned to Liberty. (*Id*.) Defendant did not return the $93,065.00 to Liberty. (*Id*.)

On December 4, 2023, Liberty filed its Complaint against Defendant asserting fraudulent misrepresentation, breach of contract, unjust enrichment, fraud, and conversion seeking compensatory damages, including, but not limited to, reimbursement of the $93,065.00 in insurance benefits paid to Defendant, attorney's fees and costs. (*Id.*). Defendant was served with Summons and the Complaint on December 14, 2023. (Doc. 8). Defendant did not answer or otherwise defend this lawsuit. (*See* Docket, generally). On January 26, 2024, Liberty filed an Application for Entry of Default which was granted by the Clerk of Court on February 2, 2024. (Docs. 10 and 11). The instant Motion for Default Judgment is now before this Court.

II.     **Standard of Review**

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure … to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Rule 55 provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend." Rule 55(a), Fed.R.Civ.P. "In a variety of contexts, courts have entered default judgments against defendants who have failed to appear and defend in a timely manner following proper service of process. In short, '[w]hile modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party.'" *Iberiabank v. Case Const., LLC*, 2015 WL 4624732 *2 (S.D. Ala. August 3, 2015) (finding default judgment appropriate for failure to appear or defend for two and half months after service) (citing to *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp.2d 193, 195 (D.D.C. 2006) (internal and external citations omitted).

III.    **Discussion**

Although Defendant was served with process on December 14, 2023, she has not appeared or defended this action and the time to do so has expired. As a result, entry of default judgment is appropriate. However, "'a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.' Rather, it is only an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp.2d 1353, 1357 (S.D. Ga.

3

2004) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1204 (5th Cir. 1975) (citation omitted). As a result, this Court must examine the whether the factual allegations of the Complaint create a sufficient basis for the judgment which Liberty seeks. *See Bruce v. Wal–Mart Stores, Inc.*, 699 F.Supp. 905, 906 (N.D. Ga.1988) ("In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint.") (citation omitted).

The Court has reviewed the instant Complaint and is satisfied that it provides sufficient factual allegations, which are deemed admitted as true, to support a Breach of Contract claim. "The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (citation omitted).  Namely, Liberty alleges a contract existed in the form of a policy, that Defendant submitted a false claim in breach of the policy, and that Liberty was damaged in the amount of $93,024.00 that it paid but did not owe under the policy.  Because the well-pleaded factual allegations in the Complaint are deemed admitted by virtue of Defendant's default, and because they are sufficient to state an actionable claim under Alabama law, the entry of a default judgment against Defendant is warranted pursuant to Rule 55. As a result, the Court finds that Defendant is liable to Liberty on Count One for Breach of Contract.[1]

---

[1] Because the remaining claims asserted by Plaintiff for Fraudulent Misrepresentation (Count I), Unjust Enrichment (Count III), Fraud (Count IV), and Conversion (Count V) under Alabama law are based on the same underlying facts and seek the same damages award as the breach of contract claim, they are duplicative of Plaintiff's breach of contract claim and the Court will not separately address the sufficiency of each claim.  Nevertheless, it is worth noting that while Plaintiff may plead alternative theories of recovery, when the existence of a contract is proven, there can be no unjust enrichment claim.  *See Wireman v. Park National Corp.*, 2020 WL 5845716, *8 (S.D. Ala. September 30, 2020) ("[T]he existence of an express contract extinguishe[s] an unjust enrichment claim altogether because

Although Plaintiff may be entitled to a default Judgment, Liberty must still prove its damages. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007). "Even in the default judgment context, '[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters.'" *Iberiabank*, at *3 (quoting *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Rather than merely telling the Court in summary fashion what its damages are, a plaintiff seeking default judgment must show the Court what those damages are, how they are calculated, and where they come from." *Id*. quoting *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1294 (S.D. Ala. 2010).

In this action, Liberty has clearly asserted that it paid Defendant $93,065.00, and seeks that amount in damages. The relevant documents before this Court establish that Liberty issued a check to Defendant in the amount of $93,065.00 (Doc. 12-1 at 72), the value of the insured vehicle per the market valuation report, as a result of Defendant's claim of loss. Defendant did not return the issued amount to Plaintiff, in whole or part. As a result, a damages award against Defendant in the amount of $93,065.00 is appropriate.

---

unjust enrichment is an equitable remedy which issues only where there is no adequate remedy at law.") (quoting *Univalor Trust, SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 382 (S.D. Ala. 2016)).

## IV. Conclusion

For all of the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. 12) is **GRANTED**. Default judgment will be entered in favor of Liberty and against Defendant in the amount of $93,065.00.

**DONE and ORDERED** this 16th day of May, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE
